YOUSEF KOULIBALY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koulibaly v. Commissioner
Docket No. 19958-91
United States Tax Court
T.C. Memo 1994-359; 1994 Tax Ct. Memo LEXIS 360; 68 T.C.M. (CCH) 270; July 27, 1994, Filed *360 Yousef Koulibaly, pro se. For respondent: Rick V. Hosler and Roxann T. Conrad. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion for Summary Judgment. As explained in more detail below, we agree with respondent that summary judgment is warranted. Background
On October 26, 1990, Yousef Koulibaly (petitioner) was sentenced to a 25-year Federal prison term and fined $ 150,000 for various narcotics violations. On June 4, 1991, respondent mailed two separate statutory notices of deficiency to petitioner in *361 which respondent determined deficiencies in, and additions to, petitioner's Federal income taxes for the taxable years and in the amounts as follows: Additions to Tax Sec.
Sec.
Sec. Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
1981
$ 34,779
$ 8,695
$ 1,739
-- 1982
77,540
19,385
3,877
-- 1983
46,002
11,501
2,300
-- 1984
323,829
80,957
16,191
-- 1985
435,234
108,809
21,762
-- 1986
60,491
15,123
-- $ 3,025
Additions to Tax Sec.
Sec. Sec.
Year
6653(a)(2)
6653(a)(1)(B)
6654
1981
50% of the
--$ 2,665
interest due
--
on $ 34,779
1982
50% of the
--
7,549
interest due
on $ 77,540
1983
50% of the
--
2,816
interest due
on $ 46,002
1984
50% of the
--
20,360
interest due
on $ 323,829
1985
50% of the
--
24,940
interest due
on $ 435,234
1986
--
50% of the
2,927
interest due
on $ 60,491
Petitioner invoked the jurisdiction of this Court by filing a timely petition for redetermination. [2] He subsequently filed an amended petition (as directed by order of the Court) and respondent filed a timely answer. *362 This case was originally calendared for trial in Phoenix, Arizona, on October 25, 1993. After attempting to obtain information from petitioner informally, respondent instituted formal discovery by mailing a request for admissions to petitioner on or about August 10, 1993. [3] However, the envelope containing respondent's request for admissions was returned to respondent unopened. On or about August 17, 1993, respondent again mailed her request for admissions to petitioner, along with a two-page cover letter. By letter dated August 27, 1993, petitioner acknowledged receiving a package from respondent containing "discovery materials". Although petitioner assumed these materials were from respondent, petitioner complained that the materials did not include a cover letter and that prison officials had not provided him with the envelope in which the materials were mailed. In reply, respondent mailed petitioner a copy of the request for *363 admissions under cover of a letter dated September 10, 1993. This letter states in pertinent part as follows: As you are already aware, on August 10, 1993, Respondent's Request for Admissions were [sic] mailed to you and simultaneously filed with the Court. (For your convenience, enclosed is another copy of the request.) Pursuant to Rule 90(c) of the Rules of Practice and Procedure of the United States Tax Court, each matter is deemed admitted unless you respond within 30 days of service with a written answer specifically admitting, denying or objecting to the matter involved. As the request was returned to our office and remailed to you on August 17, 1993, I would not object if you filed a motion requesting an additional seven days within which to respond, on the condition that you provide a response to the request by September 17, 1993. * * *
In her request for admissions, respondent requested that petitioner admit or deny that he: (1) Made substantial deposits to numerous bank accounts (using both his correct name as well as an alias) during the years in issue; (2) made large cash expenditures during the years in issue; and (3) failed to file Federal income tax returns *364 for the years in issue. [4]
On September 13, 1993, petitioner filed a motion to continue the trial of this matter. In his motion, petitioner asserted that on August 8, 1993, prison officials confiscated materials that he needed to prepare for trial. Petitioner's motion to continue was granted by the Court on September 15, 1993. Petitioner responded to respondent's letter dated September 10, 1993, by letter dated September 16, 1993. Petitioner's letter states in pertinent part as follows: Today I received your letter dated September 10, 1993, in which you discussed several issues of the upcoming Tax Trial. The reading of the letter left me with the impression that you may have not received your copy of the motion I filed with the Tax Court on August 30, 1993. As well as the letter I send [sic] to you on August 27, 1993. * * * * * * Undoubtedly, *365 you must have received my letter dated August 27, 1993, in which I requested more information regarding this specific document (Respondent's Request for Admissions). * * *
By notice dated November 12, 1993, the trial of this case was calendared for April 18, 1994. On January 24, 1994, petitioner filed a Motion to Continue and Change Place of Trial on the ground that on December 10, 1993, he was transferred to a Federal prison located in Florence, Colorado. Petitioner's motion was granted by order dated January 31, 1994. On February 14, 1994, respondent filed a Motion for Summary Judgment seeking judgment in her favor as to all disputed issues. Respondent's Motion for Summary Judgement is based on the matters deemed admitted pursuant to Rule 90(c) (resulting from petitioner's failure to respond to respondent's request for admissions) and petitioner's failure to adequately respond to the pending motion for summary judgment. A hearing was held on respondent's Motion for Summary Judgment in Washington, D.C., on April 6, 1994. Counsel for respondent appeared at the hearing and presented argument on the motion. Although petitioner did not appear at the hearing, he did file a *366 written statement with the Court pursuant to Rule 50(c). Petitioner's written statement includes an allegation that he has been unable to prepare for trial because prison officials have confiscated materials relevant to this case. Following the hearing on respondent's motion, respondent was directed by the Court to file a supplement to her Motion for Summary Judgment addressing petitioner's contention that prison officials impeded petitioner's ability to cooperate in discovery and prepare for trial. Respondent complied with this directive by filing a Supplemental Motion for Summary Judgment on May 12, 1994. Attached to respondent's supplemental motion is an affidavit executed by Tracy Chapman (Chapman), a unit manager employed by the Department of Justice, Federal Bureau of Prisons, in Phoenix, Arizona. Chapman states that while materials belonging to other inmates were confiscated from petitioner's cell on August 8, 1993, petitioner's personal papers were not disturbed and that the Federal Bureau of Prisons has taken no action against petitioner that would prejudice or prevent him from pursuing litigation in this Court. Discussion
Summary judgment is appropriate "if the *367 pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); ; . Rule 121(d) states that: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.
See . The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. *368 ; . Pursuant to Rule 90(c), each statement set forth in a request for admission served on a party is deemed admitted unless a response thereto is served upon the requesting party within 30 days after service of the request. , affg. per curiam ; ; , affd. on another issue . Summary judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. . Considering the record as a whole, we agree with respondent that the issues pertaining to petitioner's liability for the deficiencies and additions to tax *369 in dispute are ripe for summary adjudication. In particular, we hold that petitioner is deemed to have admitted each of the factual allegations set forth in respondent's request for admissions. The record clearly demonstrates that petitioner received the request for admissions and was fully informed that the allegations set forth therein would be deemed admitted under Rule 90(c) if not specifically admitted or denied within 30 days of service. Further, we are convinced that prison officials did not impede petitioner's ability to respond to respondent's request. The deficiencies determined by respondent in this case arise from a reconstruction of petitioner's taxable income based on an analysis of petitioner's bank deposits and cash expenditures for the years in issue. See sec. 446(b). Respondent relied on this particular method to reconstruct petitioner's taxable income in light of petitioner's failure to properly maintain tax records as required under section 6001. The propriety of the bank deposits and cash expenditures method of reconstructing income has long been recognized in this Court. ; *370 . Indeed, bank deposits are prima facie evidence of income, and the taxpayer bears the burden of proving that respondent's determination is erroneous. . The factual allegations deemed admitted by petitioner under Rule 90(c) establish that: (1) Petitioner made substantial deposits to numerous bank accounts (using both his correct name as well as an alias) during the years in issue; (2) petitioner made large cash expenditures during the years in issue; and (3) petitioner failed to file a Federal income tax return for any of the taxable years in issue. Despite these deemed admissions, petitioner's only response to respondent's Motion for Summary Judgment is a vague assertion that material facts remain in dispute. In short, such allegations are clearly insufficient to satisfy petitioner's obligation under Rule 121(d) to "set forth specific facts showing that there is a genuine issue for trial." . In the absence of any corroborating documentary evidence *371 suggesting that respondent's determination is in error, we are not required to accept petitioner's self-serving assertions as true. See . In sum, we have examined all of the materials in the record, including the notices of deficiency, pleadings, and admitted facts, and we conclude that there is no genuine issue of material fact with respect to petitioner's liability for the deficiencies and additions to tax determined by respondent for the years in issue. Accordingly, respondent's Motion for Summary Judgment will be granted as to all issues. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code as, amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time the petition was filed, petitioner was incarcerated in a Federal prison in Phoenix, Ariz.↩
3. Respondent filed her request for admissions with the Court on Aug. 13, 1993.↩
4. Respondent's request for admissions includes detailed descriptions of the deposits and cash expenditures that were purportedly made during the years in issue.↩